IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Darnell Scott, #269988, a/k/a James D. Scott, <br><br>        Plaintiff, <br><br>v. <br><br>Anthony Padula, Lee C.I. Warden; <br>Linda Dunlap, S.C.D.C. Medical Nurse Director; <br>Gene Noles, S.C.D.C. Inmate Grievance Director; <br>Jon Ozmint, S.C.D.C. Director; <br>Doctor Davis, S.C.D.C. Medical Director, <br>C. James; and Geraldine Miro, <br><br>        Defendants. | C/A No. 0:08-3240-HFF-PJG <br><br>**ORDER AND** <br>**REPORT AND RECOMMENDATION** |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the plaintiff's motion to compel discovery (Docket Entry 26), the plaintiff's motion for a preliminary injunction (Docket Entry 38), the defendants' motion for summary judgment (Docket Entry 36), and the plaintiff's motion to amend/correct the scheduling order (Docket Entry 66).

**DISCUSSION**

**A.    Motion to Compel**

On January 26, 2009, the plaintiff, James Darnell Scott ("Scott") filed a motion to compel discovery, requesting that the defendants[1] fully answer the plaintiff's interrogatories. (Docket Entry 26.) The defendants have not responded to this motion.

---

[1] For the purposes of discussing Scott's motion to compel, the relevant defendants are Defendants Padula, Dunlap, Noles, Ozmint, and Davis. Defendants James and Miro were not added as defendants to this matter until after this motion was filed.

PJG

Upon review of each of the defendants' answers to the plaintiff's first set of interrogatories, which are attached to the plaintiff's motion, the court notes that many of the questions are phrased such that a "yes" or "no" answer is all that is required. Further, the court notes that each defendant objected the first interrogatory which essentially asked for the defendant's job title and duties. The defendants' objections to the these questions assert that they are "overly broad, [] unreasonably burdensome, oppressive and cumbersome, [] irrelevant and will not lead to relevant or admissible evidence" and further that "the information/documentation is privileged and confidential and is protected by security reasons." The court cannot agree as to all of Scott's discovery requests.

Therefore, Scott's motion to compel is granted in part as follows: (1) Defendant Davis is directed to answer interrogatory number 1; (2) Defendant Dunlap is directed to answer interrogatory number 1; (3) Defendant Ozmint is directed to answer interrogatory numbers 1-4 and 7-11; (4) Defendant Noles is directed to answer interrogatory numbers 1-6, 10, and 12; and (5) Defendant Padula is directed to answer interrogatory numbers 1, 2, 4-11. The remaining interrogatories that Scott seeks to compel do not appear to be proper pursuant to Rule 33 of the Federal Rule of Civil Procedure. Accordingly, his motion to compel is denied with regard to those interrogatories.

Upon review of the attachments to the plaintiff's motion, it also appears that Scott is seeking further responses to his requests to produce. The only request that the defendants objected to requested "[a]ny and all SCDC Request to Staff sheets and Grievances filed with regards to Medical Concerns and Religious concerns from the date of entry up until the date of this request." The defendants objected to this requests based on the assertion that it is "overly broad, [] unreasonably burdensome, oppressive and cumbersome, [] irrelevant and will not lead to relevant or admissible

PJG

evidence." (Docket Entry 26-3 at 1.)  The court agrees with the defendants and denies Scott's motion to compel production of these items.

**B.      Preliminary Injunction**

Scott filed a motion for a preliminary injunction alleging that Defendant Padula and others have denied him access to pens and legal supplies, and further, that they have restricted the amount of legal mail he can submit and when he can submit it.  Scott asserts that these actions will result in immediate and irreparable injury to him based on his contention that he will lack the materials to continue this litigation.  (Docket Entry 38.)

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought."  Fed. Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981).  To obtain a preliminary injunction, a court must consider: (1) the plaintiff's irreparable injury if the interim relief is denied, (2) the injury to the defendants if an injunction is issued, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest.  Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); N.C. State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).  Moreover, "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ."  Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994).

Scott's motion should be denied because he is unlikely to suffer irreparable injury if relief is denied.  He has submitted numerous filings in this matter and done so in a timely manner.  See, e.g., Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (holding that an inmate must allege facts showing

PJG

actual injury resulting from the act of the defendant to maintain a claim for denial of access to the court). Moreover, Scott's motion should be denied to the extent that it seeks relief from persons who are not parties to this action.

**ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that Scott's motion to compel discovery (Docket Entry 26) is granted in part and denied in part as detailed above. Defendants Padula, Dunlap, Noles, Ozmint, and Davis shall submit their answers to the above listed interrogatories within fifteen days of this order. In light of this order and report and recommendation, the court grants in part Scott's motion to amend/correct the scheduling order (Docket Entry 66) and imposes the following amended scheduling order for this matter: (1) All discovery involving the two new defendants, James and Miro, shall be completed no later than September 15, 2009 and (2) All dispositive motions shall be filed on or before September 30, 2009.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that Scott's motion for a preliminary injunction (Docket Entry 38) be denied. The court further recommends that, based on the court's ruling granting in part Scott's motion to compel, the motion for summary judgment (Docket Entry 36) filed by Defendants Padula, Dunlap, Noles, Ozmint, and Davis should be denied at this time with leave to re-file following Scott's receipt of the above ordered discovery.

_____
July 29, 2009  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).