

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMES DARNELL SCOTT, § <br> a/k/a James D. Scott, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> ANTHONY PADULA, Lee C.I. Warden, et al., § <br> Defendants. § | CIVIL ACTION NO. 0:08-3240-HFF-PJG |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's motion for a preliminary injunction be denied and Defendants' motion for summary judgment be denied with leave to re-file at a later date. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 29, 2009, but Plaintiff failed to file any objections to the Report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In reviewing the Report, however, the Court notes that the Magistrate Judge appears to have applied the incorrect standard in her consideration of Plaintiff's motion for a preliminary injunction. In the Report, the Magistrate Judge cites *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) in finding that injunctive relief should not issue. In light of last year's decision by the Supreme Court in *Winter v. Natural Resources Defense Council*, *Inc.,* 129 S. Ct. 365, 374-76 (2008), though, "the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in *Winter* governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts." *Real Truth About Obama, Inc. v. Federal Election Com'n*, 2009 WL 2408735, at *4 (4th Cir. Aug. 5, 2009).

Nevertheless, pursuant to *Winter*, Plaintiff remains unable to demonstrate the appropriateness of the granting of a preliminary injunction. Under the *Winter* standard, Plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter,* 129 S.Ct. at 374. All four requirements must be met. *Id.*

As observed by the Magistrate Judge, however, Plaintiff "is unlikely to suffer irreparable injury if relief is denied. . . . Moreover, [Plaintiff's] motion should be denied to the extent that it seeks relief from persons who are not parties to this action. (Report 3-4.) Therefore, because it is evident that Plaintiff is unable to meet all of the *Winter* requirements, the denial of Plaintiff's motion for a preliminary injunction is appropriate.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, except those portions that contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's motion for a preliminary injunction be **DENIED** and Defendants' motion for summary judgment be **DISMISSED** with leave to re-file at a later date.

**IT IS SO ORDERED**.

Signed this 18th day of August, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.