# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Darnell Scott, | ) | C/A No. 0:08-3240-HFF-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Anthony Padula, Lee CI Warden; Linda Dunlap, | ) | |
| SCDC Medical Nurse Director; Gene Noles, SCDC | ) | |
| Inmate Grievance Director; Jon Ozmint, SCDC | ) | |
| Director; Doctor Davis, SCDC Medical Director; | ) | |
| C. James; Geraldine Miro, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, James Darnell Scott ("Scott"), a self-represented state prisoner currently housed at Perry Correctional Institution ("Perry"), filed this action pursuant to 42 U.S.C. § 1983. Scott essentially asserts two claims in this matter—one stemming from an alleged injury to his eyes, the other related to his religious practices.

This matter is currently before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the plaintiff's motion for a preliminary injunction (Docket Entry 71) and his motion to appropriate funds. (Docket Entry 80.) In the first motion, Scott seeks an injunction requiring Defendant Miro to permit him to have religious books pertaining to the Shetaut Neter faith while he is housed in the Special Management Unit ("SMU"). In the second motion (Docket Entry 80), Scott seeks appropriation of funds to secure a second medical opinion regarding his eyes; thus, this motion essentially also seeks injunctive relief.

**DISCUSSION**

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008); The Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 129 S. Ct. at 374-76; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[1] Finally, the court must pay particular regard

---

[1]Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 129 S. Ct. at 375-76.



to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 129 S. Ct. at 376-77).

Here, Scott has not demonstrated a likelihood of success on the merits. The court notes that the respondents have filed a summary judgment motion asserting that this claim has already been litigated by Scott. (See Docket Entry 96-1 at 12) (discussing C/A No. 9:06-1353-HFF). Moreover, the record does not indicate at this time that Scott is likely to succeed on a claim alleging a violation of the First Amendment based upon the free exercise of his religion in the prison setting. See generally 42 U.S.C. § 2000cc-1; Lovelace v. Lee, 472 F.3d 174 (4th Cir. 2006) (outlining the requirements to state a claim under the Religious Land Use and Institutionalized Persons Act); see also Turner v. Safley, 482 U.S. 78 (1987). Further, he has failed to show that the defendant against whom he seeks an injunction, Defendant Miro, is in a position to provide relief even if the court were to grant an injunction.

Even if he could establish the vital first two elements, Scott has not shown that the balance of harm—if there were any—tips in his favor. See Wetzel, 635 F.2d at 288 ("The possible injury to the [prison administrators] if the preliminary injunction stands is potentially grave."). Finally, and significantly, Scott cannot justify the public harm that would occur if the court were to usurp prison administrators' decision making regarding religious policies in the prison setting. Id. at 290 (finding that the district court failed to give proper consideration to the public interest); Real Truth, 575 F.3d at 347 (discussing the importance of the public interest requirement).

With regard to Scott's second motion, Scott's request for funds should also be denied. Scott does not identify the source of any funds to pay for a second medical opinion. To the extent he requests that it be "appropriated" from public funds, such a request must be denied. See United

States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding). To the extent Scott requests that the court direct that the defendants provide him with additional medical care, Scott has failed to establish that the Winter factors warrant such preliminary relief.

## RECOMMENDATION

Scott's allegations are insufficient to warrant the extraordinary remedy of injunctive relief. Accordingly, the court recommends that his motions (Docket Entries 71 & 80) be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 7, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).